889 F.2d 1085
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff--Appellee,
v.
Lynford George CAREY, Defendant--Appellant.
UNITED STATES of America, Plaintiff--Appellee,
v.
Junior Michael DACOSTA, Defendant--Appellant.
 No. 88-5104.
 United States Court of Appeals, Fourth Circuit.
 Argued July 27, 1989.
Decided Nov. 6, 1989.
 
 Stephen Jon Cribari, Deputy Federal Public Defender (Fred Warren Bennett, Federal Public Defender, Mary French, Assistant Federal Public Defender, R. Michael Mullens on brief) for appellants.
 Thomas Oliver Mucklow, Assistant United States Attorney (William A. Kolibash, United States Attorney, on brief) for appellee.
 PER CURIAM:
 
 
 1
 Defendants Lynford George Carey and Junior Michael DaCosta appeal their convictions stemming from various cocaine-related charges. For the reasons set forth below, we affirm the the judgments of conviction of the defendants.
 
 I.
 
 2
 In late 1986, following a major crackdown on drugs by Martinsburg, West Virginia law enforcement officials, indictments were returned for the appellants Carey and DaCosta, charging them with conspiracy to distribute cocaine. Specifically the appellants were charged with one court of conspiracy to distribute and possess with intent to distribute cocaine (21 U.S.C. Sec. 846) [Carey and DaCosta]; twelve counts [Carey] and nine counts [DaCosta] of distribution of cocaine (21 U.S.C. Sec. 841(a)(1)); one count [Carey] and two counts [DaCosta] of possession with intent to distribute cocaine (21 U.S.C. Sec. 841(a)(1)); and one count [Carey] of aiding and abetting interstate travel with intent to carry on a business enterprise involving cocaine (18 U.S.C. Sec. 1952(a)(3) & (2)). In January 1988, Carey was tried on the 15-count indictment. The jury could not reach a verdict, and the judge declared a mistrial.
 
 
 3
 In March 1988, Carey was retired on the same charges; DaCosta, against whom a 12-count indictment had been returned, was Carey's co-defendant. Carey was convicted of all charges. DaCosta was acquitted by the district court on one charge of distribution, found not guilty of two counts of cocaine distribution, and convicted of the remaining nine counts.
 
 II.
 
 4
 The appellants contend that certain statements made by the prosecutor during his closing argument deprived appellants of a fair trial. Specifically, the appellants contend that the prosecutor repeatedly vouched for the credibility and truthfullness of the government witnesses. During closing argument, however, neither defense counsel nor the district judge protested these comments. Thus, this court reviews these comments under the "plain error" standard. United States v. Young, 470 U.S. 1, 6 (1985).
 
 
 5
 Appellants rely on United States v. Samad, 754 F.2d 1091, 1099-1100 (4th Cir.1984), and United States v. Garza, 608 F.2d 659, 662-63 (5th Cir.1979), to argue that vouching for the credibility of government witnesses is improper. In both of those cases, however, the prosecutors expressed their personal opinions as to the witnesses' credibility. In the present case, the appellants cannot point to any place in the trial where the prosecutor expressed his personal opinion regarding credibility of the witnesses. Instead, the prosecutor focused on the veracity of the witnesses. It is both natural and proper for the prosecutor to highlight the credibility of the witnesses and their respective reasons for telling the truth during the trial. We hold that the prosecutor's comments were not improper, and that the admission of these comments was not plain error.
 
 III.
 
 6
 The appellants also claim that the district court failed to instruct the jury on an essential element of the crimes charged because it did not instruct the jury that it had to find beyond a reasonable doubt that the substance involved in the charges was cocaine. At trial, however, the appellants did not object to the jury charge proposed by the court, and they did not object after the jury was charged.
 
 
 7
 We find that the appellants' assignment of error is without merit. First, that the substance possessed and distributed was cocaine is not an essential element of conspiracy pursuant to 21 U.S.C. Sec. 846. See United States v. Bland, 653 F.2d 989, 996 (5th Cir.1981), cert. denied, 454 U.S. 1055 (1982) (All that is needed to support a conviction pursuant to 21 U.S.C. Sec. 846 is "proof beyond a reasonable doubt that a conspiracy existed, that the accused knew of it, and with that knowledge, voluntarily became a part of it.") (citations omitted). Second, the charge regarding Section 1952(a)(3) also was proper. See United States v. Gallo, 782 F.2d 1191, 1194 (4th Cir.1986) ("To support a conviction under the Travel Act, 18 U.S.C. Sec. 1952, the government must prove these elements: (a) interstate travel; (b) intent to promote unlawful activity, i.e., a business enterprise; and, (c) performance or attempted performance of an unlawful act.") (citation omitted).
 
 IV.
 
 8
 Appellant Carey argues that the government failed to prove beyond a reasonable doubt taht cocaine was the substance involved in the incidents alleged. This argument is without basis. Under United States v. Dolan, 544 F.2d 1219 (4th Cir.1976), "lay testimony and circumstantial evidence may be sufficient, without the introduction of an expert chemical analysis, to establish the identify [sic] of the substance involved in an alleged narcotics transaction." Id. at 1221 (citation omitted). We hold that there was substantial evidence presented at trial to permit the jury to conclude beyond a reasonable doubt that the substance involved in the incidents alleged in the indictments was cocaine. See Dolan, 544 F.2d at 1222. In sum, we hold this assignment of error to be meritless.
 
 V.
 
 9
 Lastly, appellant DaCosta claims that the evidence presented against him regarding the nine counts for which he was found guilty was insufficient. In reviewing the appellant's sufficiency of the evidence claim, the question is "whether, viewing the evidence in the light most favorable to the government, any rational trier of facts could have found the defendant guilty beyond a reasonable doubt." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982) (emphasis in original). In the present case, the evidence was sufficient for the jury to have found DaCosta guilty beyond a reasonable doubt of the offenses charged.
 
 
 10
 The judgments of conviction of the appellants are
 
 
 11
 AFFIRMED.