Lynford George **CAREY** Appellant,

v.

John **ASHCROFT**,* Attorney General; the Immigration & Nationalization Service (*Pursuant to Fed. R. App. P. 43(c)).

No. 01–3182.

United States Court of Appeals, Third Circuit.

Submitted April 19, 2002.

Decided May 14, 2002.

Before NYGAARD, AMBRO, and

KRAVITCH,* Circuit Judges.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

Appellant, Lynford George Carey, appeals from a denial of his petition for writ of habeas corpus. He argues that (1) the District Court erred by not holding an evidentiary hearing to determine whether he relied on the possibility of a waiver of deportation under former Section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (repealed); and (2) denying him the opportunity to prove he is entitled to a Section 212(c) waiver violated the constitutional prohibition against *ex post facto* legislation. We review *de novo* issues of law. We will affirm.

Carey was convicted of offenses related to drug trafficking in 1986 and was sentenced in 1988 to serve consecutive terms of ten and thirteen years in prison. *See United States v. Carey*, 889 F.2d 1085, 1989 WL 134591 (4th Cir. Nov. 6, 1989). Based upon that conviction, the INS commenced deportation proceedings against him. Following a hearing, the Immigration Judge denied Carey's application for waiver of deportation under former Section 212(c) of the INA. He appealed to the Board of Immigration Appeals, which affirmed the deportation order. He then filed a petition for a writ of habeas corpus. The magistrate judge recommended that the petition be denied, and the District Court adopted the recommendation in its final order.

Carey concedes that pursuant to our decision in *Scheidemann v. INS*, 83 F.3d

1517 (3d Cir.1996), he is statutorily ineligible for discretionary relief under former Section 212(c). He acknowledges that he is an "aggravated felon" under the 1988 definition of the term, which was established by the Anti–Drug Abuse Act, Pub.L. No. 100–690, § 7342, 102 Stat. 4181, 4469–70 (1988). And he recognizes that because he applied for Section 212(c) relief after November 29, 1990—the enactment date of the Immigration Act of 1990, Pub.L. No. 101–649, 104 Stat. 4978, which eliminated the waiver for an "aggravated felon" who had served at least five years of a sentence—he is ineligible for relief because he served at least five years imprisonment.

■ Carey argues, however, that the Supreme Court's decision in *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), requires that he be permitted to have an evidentiary hearing to establish that he relied upon the availability of Section 212(c) relief at the time he decided to go to trial. Carey's argument is without merit. The petitioner in *St. Cyr* alleged that he had relied upon the availability of Section 212(c) relief in making his decision to plead guilty because he thought that, in so pleading, he could receive a sentence which preserved his Section 212(c) eligibility. The Supreme Court held that the provisions of the AEDPA[1] and IIRIRA[2] repealing Section 212(c) relief did not apply retroactively to the petitioner because he had relied upon the availability of such relief in deciding to plead guilty.

Carey cannot make a similar reliance claim. He chose to proceed to trial rather than plead guilty. Unlike the petitioner in

---

* Honorable Phyllis A. Kravitch, Senior Circuit Judge for the United States Court of Appeals for the Eleventh Circuit, sitting by designation.

1. Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 (1996).

2. Illegal Immigration Reform and Immigrant Responsibility Act of 1996, 110 Stat. 3009–546 (1996).

*St. Cyr*, Carey did not give up his constitutional right to a trial by jury; therefore, his argument based on *St. Cyr* is unavailing. The District Court did not err by dismissing Carey's habeas petition without an evidentiary hearing.

■ Carey's other argument on appeal is that denying him the opportunity to prove he is entitled to a Section 212(c) waiver violated the constitutional prohibition against *ex post facto* legislation. This claim is also without merit. It is well established that the prohibition against *ex post facto* laws does not apply to deportation proceedings because they are civil in nature. *INS v. Lopez–Mendoza*, 468 U.S. 1032, 1038, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984); *Scheidemann v. INS*, 83 F.3d 1517, 1521 n. 4 (3d Cir.1996). Thus, there has been no constitutional violation.

We will, therefore, affirm the denial of Carey's petition.