865 F.2d 1260
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Joseph GALLO, Defendant-Appellant.
 No. 87-5641.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 31, 1988.
Decided: Dec. 20, 1988.
 
 Sharon Earle Gregory (Morchower, Luxton and Whaley, on brief), for appellant.
 Robert H. McWilliams, Assistant U.S. Attorney (William A. Kolibash, United States Attorney, on brief), for appellee.
 Before HARRISON L. WINTER, Chief Judge, and SPROUSE and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 In a previous appeal, United States v. Gallo, 782 F.2d 1191 (4 Cir.1986), we granted defendant a new trial on three counts of aiding and abetting violations of the "Travel Act," 18 U.S.C. Secs. 1952(a)(3) and 2. On retrial, a jury found him guilty of all three counts, and he appeals once again. We affirm.
 
 
 2
 The evidence adduced at Gallo's second trial was essentially the same as that adduced at his first. It is set forth in our earlier opinion, 782 F.2d at 1193, and we need not repeat it here.
 
 
 3
 Gallo's first argument why his convictions should be set aside is that he cannot be guilty as an aider and abettor because a principal was neither convicted nor shown to have committed a Travel Act violation. The short answer is that one may be convicted as an aider and abettor even if a principal is not indicted or convicted. See United States v. Campa, 679 F.2d 1006, 1013 (1 Cir.1982); United States v. Barnett, 667 F.2d 835, 841 (9 Cir.1982). While there must be proof that someone committed the crime and that the defendant assisted him, see Campa, 679 F.2d at 1013, such proof was present here. Even if the government agent, Barrett, was not a guilty principal, Ricky Ball was. Ball not only travelled once from West Virginia to Ohio to arrange for the purchase of cocaine from Gallo but also arranged a subsequent trip culminating in the actual purchase of the drug.
 
 
 4
 We reject Gallo's second contention that a transcript of a conversation between Barrett and Ball was improperly admitted in evidence against him. Even if we did not decide this issue in Gallo's prior appeal, we think that the probative value of the evidence was sufficient to survive the balancing test of Fed.R.Evid. 403.
 
 
 5
 We think that the legal sufficiency of the evidence to convict Gallo was a matter decided in his first appeal, and we do not think it should be reexamined. The evidence at the second trial was not sufficiently different to require another result.
 
 
 6
 Finally, we are not persuaded that Gallo has a meritorious claim of ineffective assistance of counsel. Counsel's decision not to call additional witnesses to testify to Gallo's drug use was a reasonable trial strategy. Counsel's failure to keep in close communication with Gallo in the weeks preceding the retrial may not have been acceptable professional conduct, but Gallo has not shown that he was prejudiced thereby. See Strickland v. Washington, 466 U.S. 668 (1984); Whitley v. Bair, 802 F.2d 1487 (4 Cir.1986), cert denied, --- U.S. ---- (1987)
 
 
 7
 AFFIRMED.