911 F.2d 726
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cornelius SNOW, Defendant-Appellant.
 No. 89-5642.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 9, 1990.
Decided July 23, 1990.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. William M. Kidd, Senior District Judge. (CR-89-106)
 John Lewis Marks, Jr., Clarksburg, W.V., for appellant.
 William A. Kolibash, United States Attorney, Robert H. McWilliams, Assistant United States Attorney, Wheeling, W.V., for appellee.
 N.D.W.Va.
 AFFIRMED.
 Before DONALD RUSSELL and WILKINSON, Circuit Judges, and FRANK W. BULLOCK, Jr., United States District Judge for the Middle District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Cornelius Snow ("Snow") was convicted of possession of cocaine with intent to distribute in violation of 21 U.S.C. Sec. 841(a)(1) and conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. Sec. 846. Snow was sentenced under the sentencing guidelines. Snow contends the district court erred by (1) failing to grant a mistrial due to a guilty plea entered by his codefendant at the conclusion of the Government's case; (2) permitting audio tapes of his drug transactions to be edited and played for the jury and later taken into the jury room during deliberations; (3) depriving his counsel of access to notes of interviews with government witnesses in violation of the Jencks Act, 18 U.S.C. Sec. 3500; (4) allowing the Government to present testimony of his prior bad acts under Fed.R.Evid. 404(b); (5) defining "distribution" in the jury instructions more broadly than in 21 U.S.C. Sec. 802(11); (6) refusing to dismiss the indictment despite statements made by the Assistant United States Attorney in response to questions asked by the grand jury; (7) allowing his conviction to stand despite insufficient evidence; (8) failing to correctly determine the amount of cocaine involved; and (9) finding that he used a firearm in the commission of the offenses. We affirm.
 
 
 2
 Snow and his non-identical twin brother were both originally charged in this case. At the conclusion of the Government's evidence, Snow's brother entered a plea of guilty. Snow argues that the trial court erred by refusing to grant a mistrial because of the potential for guilt by association with his twin brother. There is no merit to this argument. A defendant's motion for severance or mistrial after a codefendant pleads guilty during a joint trial is a matter left to the sound discretion of the trial court. United States v. Herrera, 832 F.2d 833, 836-37 (4th Cir.1987). The trial judge gave a proper cautionary instruction which minimized any prejudice to Snow from his brother's pleading guilty during the trial. See United States v. Del Carmen Ramirez, 823 F.2d 1, 3 (1st Cir.1987) (similar instruction upheld where several codefendants pled guilty during a joint trial).
 
 
 3
 Snow also alleges prejudicial error because two edited audio tapes of drug transactions, which he contends had not been admitted into evidence, were allowed in the jury room during deliberations. These edited tapes had been played to the jury during the trial. There is no contention that any evidence favorable to Snow was edited out of the audio tapes and Snow's counsel had ample opportunity to check the edited tapes against the full-length tapes. The tapes were edited by the Government to take out background noises, long lulls in the conversation, and portions which were inaudible. Editing tapes in this manner is permissible. See United States v. Pipito, 861 F.2d 1006, 1011 (7th Cir.1987) (no error for trial judge to admit tapes which the Government had edited where defendant's counsel presented no evidence that the jury was misled); United States v. Carbone, 798 F.2d 21, 24-25 (1st Cir.1986) (as long as admitted tape was properly authenticated, no error to filter out background noises); United States v. Brown, 692 F.2d 345, 350 (5th Cir.1982) (no error for trial judge to admit tapes from which irrelevant material had been edited out by the Government); United States v. Gordon, 688 F.2d 42, 43 (8th Cir.1982) (no error for Government to filter out background noises from admitted tapes). Furthermore, it is undisputed that the full-length tapes were admitted into evidence. By listening only to the edited tapes, the jury heard what was on the full-length tapes, but in an abbreviated form. It is clear from the record that the trial judge intended to admit the edited tapes. In fact, the record indicates that one of the edited tapes was admitted, although the record does not indicate any response from the court when the Government offered the second edited tape. There was no prejudice to Snow from the jury listening to both edited tapes during deliberations, since the full-length tapes were also in evidence and the two edited tapes were played to the jury during the trial. Defendant's contention to the contrary is without merit.
 
 
 4
 Snow also contends that certain interview notes of an investigating officer were Jencks Act, 18 U.S.C. Sec. 3500, material since the officer wrote "substantially verbatim" what the witnesses told him, and that these notes were improperly withheld from Snow's counsel. The trial court, after an in camera review, decided that the writings in question were not Jencks Act material, and denied the request for production. We agree with the district judge.
 
 
 5
 Snow also complains about the admission of evidence of numerous drug sales prior to the time of the alleged conspiracy. Again, Snow's contention is without merit, since the evidence in question dealt with numerous drug sales by him to the same conspirators as in the present case during the months leading up to the time of the alleged conspiracy. A trial judge has wide discretion to admit prior bad act evidence pursuant to Fed.R.Evid. 404(b), and the judge's decision will not be overturned unless it is clearly erroneous. United States v. Brugman, 655 F.2d 540, 544-45 (4th Cir.1981). Once admitted, the evidence is deemed admissible on appeal if it is admissible under Rule 404(b) on any theory. United States v. Gallo, 782 F.2d 1191, 1194 (4th Cir.1986), cert. denied, --- U.S. ----, 109 S.Ct. 2074 (1989). It is clear that the evidence was admissible on several grounds under Rule 404(b), and was especially probative of the intent to pursue a common scheme or plan to sell cocaine to favored customers. See United States v. Tedder, 801 F.2d 1437, 1443-44 (4th Cir.1986), cert. denied, 480 U.S. 938 (1987) (evidence of plan to sell marijuana in the mid-1970's relevant for 1984 indictment relating to an expanded scheme to sell marijuana); Gallo, 782 F.2d at 1193-94 (evidence of drug deals between the defendant and a government witness happening four years prior to the charged offense was admissible to prove intent, scheme, opportunity, or business enterprise).
 
 
 6
 Snow further argues that he is entitled to a new trial because the trial judge used a definition of "distribution" in his jury instructions other than the one in the statute. Title 21 U.S.C. Sec. 802(11) provides that "[t]he term 'distribute' means to deliver ... a controlled substance." The trial judge instructed that the term "distribution" includes not only physical transfer of the drugs but also other acts in furtherance of the transfer, such as arranging or supervising the delivery, or negotiating for or receiving the purchase price. Snow's argument about an over-broad definition of "distribution" is meritless. There is no serious contention in this case that Snow only supervised delivery instead of actually delivering drugs. Furthermore, we have previously approved a definition of distribution similar to the one used by the trial court. See United States v. Crockett, 813 F.2d 1310, 1316 (4th Cir.) (distribution "requires either physical transfer of the drug or other acts in furtherance of the transfer"), cert. denied, 484 U.S. 834 (1987).
 
 
 7
 Snow also complains that in answering a question from a grand juror before the return of the indictment, the Assistant United States Attorney exceeded his proper role and became a witness against him. The district judge carefully examined the testimony at issue, and concluded that the Assistant United States Attorney did not exceed his role in answering the question. We agree.
 
 
 8
 Snow's remaining assignments of error concern the sufficiency of the evidence and the application of the sentencing guidelines. Snow's contentions concerning the sufficiency of the evidence are meritless; his contentions concerning sentencing, while also without merit, warrant some discussion.
 
 
 9
 At sentencing, the trial judge determined that Snow had sold between 100-199 grams of cocaine, giving him a base offense level of 18. Two levels were added for possession of a firearm during the commission of the offenses, making his total base offense level 20. Snow was in criminal history category I, placing him in a guidelines range of 33 to 41 months. We have adopted a preponderance-of-the-evidence standard for the findings of fact made by the district court during sentencing. United States v. Urrego-Linares, 879 F.2d 1234, 1237-38 (4th Cir.), cert. denied, --- U.S. ----, 110 S.Ct. 346 (1989). In determining the relevant facts before imposing sentence, judges are not restricted to information that would be admissible at trial, and any reliable information may be considered. United States v. Roberts, 881 F.2d 95, 106 (4th Cir.1989). Findings of fact regarding sentencing must be upheld unless they are clearly erroneous. United States v. Williams, 880 F.2d 804, 806 (4th Cir.1989).
 
 
 10
 Snow's principal challenge to his sentence is that it was error to sentence him for conduct which occurred prior to the offenses for which he was charged, tried, and convicted. The indictment charged Snow with illegal drug activity beginning in September 1988. Snow was held accountable for his pre-September 1988 drug transactions, and the district judge included those quantities of cocaine in determining his base offense level. We believe that the trial judge correctly calculated Snow's base offense level at 20. The guidelines provide that a trial judge shall add "all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction" into the calculation of the base offense level. U.S.S.G. Sec. 1B1.3(a)(2). The background notes to Section 1B1.3 explain this section's applicability to drug cases:
 
 
 11
 Similarly, in a drug distribution case, quantities and types of drugs not specified in the count of conviction are to be included in determining the offense level if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction.
 
 
 12
 The pre-September 1988 cocaine linked to Snow was clearly part of the same course of conduct since the same customer was involved in those transactions whose purchases in September 1988 formed the basis for this indictment. However, Snow argues that Section 1B1.3(a)(2) has no application since he was not charged with any pre-September 1988 cocaine transactions. This position has been squarely rejected by the other circuits which have considered it.* We have also previously held pursuant to the plain language of the guidelines that uncharged quantities of drugs which are part of the same common scheme or plan as a count of conviction may be included in determining a defendant's base offense level at sentencing. See United States v. Cusack, 901 F.2d 29, 32 (4th Cir.1990) ("In setting the base level offense of 26 by including the two uncharged methamphetamine transactions, the district court was following Guideline Sec. 1B1.3(a)(2)...."); cf. United States v. Isom, 886 F.2d 736, 738-39 (4th Cir.1989) (base offense level may be enhanced based on conduct for which a defendant was acquitted); Williams, 880 F.2d at 805-06 (base offense level may be enhanced with quantities of drugs from counts dismissed pursuant to a plea agreement).
 
 
 13
 Finally, Snow's challenge to the two-level enhancement above his base offense level for possession of a firearm during the commission of the drug offenses is without merit. One of Snow's regular customers testified that a gun was present on at least three occasions during the time she was buying cocaine from him. The trial judge's determination to credit this testimony was not clearly erroneous.
 
 
 14
 For the foregoing reasons, the conviction and sentence are affirmed.
 
 
 15
 AFFIRMED.
 
 
 
 *
 See United States v. Restrepo, 903 F.2d 648 (9th Cir.1990) (prior opinion 883 F.2d 781 [9th Cir.1989] withdrawn and rehearing granted, 896 F.2d 1228 [9th Cir.1990]; United States v. Rutledge, 900 F.2d 1127, 1132 (7th Cir.1990); United States v. Woolford, 896 F.2d 99, 102-04 (5th Cir.1990); United States v. Sleet, 893 F.2d 947, 948-49 (8th Cir.1990); United States v. Mocciola, 891 F.2d 13, 15-16 (1st Cir.1989)