46 F.3d 1127
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Steven COOPER, Defendant-Appellant.
 No. 94-5277.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 20, 1994.
Decided Feb. 1, 1995.
 
 Robert Stanley Powell, Arlington, VA, for Appellant. Helen F. Fahey, United States Attorney, Jay Apperson, Assistant United States Attorney, Alexandria, VA, for Appellee.
 Before WILKINSON and HAMILTON, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 A jury convicted Steven Cooper of possession with intent to distribute one kilogram of heroin, in violation of 21 U.S.C. Sec. 841(a)(1) (1988), and interstate travel in aid of racketeering, in violation of 18 U.S.C.A. Sec. 1952 (West 1984 & Supp.1994). Cooper appeals his convictions, contending that the district court improperly denied his motion for acquittal, improperly allowed testimony into evidence, the evidence was insufficient, and that the government improperly manipulated the amount of drugs involved in order to enhance his sentence. We affirm.
 
 
 2
 The convictions stem from a purchase by Cooper from an undercover agent of one kilogram of heroin on July 30, 1993. The Drug Enforcement Administration (DEA) had identified Cooper, a resident of the District of Columbia, as a possible heroin trafficker. Over a period of several months, Cooper negotiated the price and quantity of several drug deals with the DEA agents, but due to Cooper's inability to raise the cash required to purchase the drugs, the deals were terminated. Finally, the DEA agreed to Cooper's request to "front" the heroin to him and allow him to pay back the purchase price from the resale of the heroin.
 
 
 3
 On the agreed date and time, Cooper met with an undercover DEA agent at a shopping center in Arlington, Virginia, to pick up the heroin. After viewing the heroin in the trunk of the agent's car, Cooper accepted the kilogram of heroin. As he was transferring the heroin to his vehicle he was arrested by the DEA.
 
 
 4
 Cooper claims that the district court erred when it failed to grant his Fed.R.Crim.P. 29 motion for acquittal. Cooper claims that the government manufactured jurisdiction on the charges against him by forcing the drug deal to occur in Virginia, rather than the District of Columbia. Cooper satisfied the interstate travel element of the charge when he travelled to Virginia, even though the site for the drug deal was selected by the DEA agents. United States v. Brinkman, 739 F.2d 977, 982 (4th Cir.1984). A Rule 29 motion may be granted if there is no substantial evidence which, viewed in a light most favorable to the government, would justify a finding of guilty beyond a reasonable doubt. United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir.1982). We cannot find that the trial court erred in finding the evidence sufficient where Cooper on his own volition travelled to Virginia, and Cooper could not show that the only reason for the meeting in Virginia was to establish jurisdiction.
 
 
 5
 Second, Cooper asserts that testimony about a prior drug-related arrest was improperly admitted into evidence. A review of the trial transcripts reveals that the testimony was objected to by Cooper's attorney and the objection was sustained by the trial judge. On cross-examination, the government again unsuccessfully sought to bring the evidence before the jury. Because the testimony never was admitted into evidence, we find no reversible error.
 
 
 6
 Third, Cooper alleges that the evidence was insufficient to sustain his interstate travel conviction. A jury verdict must be upheld if there is substantial evidence to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). The evidence is viewed in the light most favorable to the government, and if any rational trier of fact could find Cooper guilty beyond a reasonable doubt, the verdict stands. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982). It is undisputed that Cooper traveled from the District of Columbia to Virginia to purchase the heroin. The heroin was purchased on credit, with the intent to repay the purchase price through resale. The DEA agents testified that Cooper had told them that he was working with other drug traffickers in transporting heroin and was moving one-quarter kilogram a week himself. Because a jury could properly find Cooper guilty beyond a reasonable doubt based on the evidence presented at trial, we will not disturb the verdict. See United States v. Gallo, 782 F.2d 1191, 1194 (4th Cir.1986).
 
 
 7
 Finally, Cooper argues that the government improperly sold him a large quantity of heroin in order to enhance his sentence when the government knew that he was financially unable to purchase a large quantity of drugs. Cooper's claim is contradicted by his own and the DEA agent's testimony. Cooper was offered the opportunity to purchase a lesser amount of drugs, but he turned it down. There is no evidence to support the claim that the government acted improperly in order to enhance Cooper's sentence. See United States v. James, 18 F.3d 1145, 1154-55 (4th Cir.1994) (outrageous government conduct necessary).
 
 
 8
 We affirm Cooper's convictions on both counts. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED.