53 F.3d 329
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Edward Leon MILLER, Defendant-Appellant.
 No. 94-5249.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 11, 1995.
Decided May 1, 1995.
 
 Before MICHAEL and MOTZ, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Edward Leon Miller appeals his jury conviction of conspiring to possess with intent to distribute cocaine in violation of 21 U.S.C. Sec. 846 (1988) and 21 U.S.C.A. Secs. 841(a)(1) and (b)(1)(B) (West 1981 & Supp.1994). Miller asserts that the district court improperly admitted testimony concerning "prior bad acts" under Fed.R.Evid. 404(b) and that the court should have granted his Fed.R.Crim.P. 29 motions for acquittal. We affirm.
 
 
 2
 Admission of extrinsic acts evidence under Fed.R.Evid. 404(b) is reviewed for abuse of discretion. United States v. Ramey, 791 F.2d 317, 323 (4th Cir.1986). Barring an arbitrary or irrational exercise of discretion, a trial judge's decision should not be disturbed by an appellate court. See United States v. Haney, 914 F.2d 602, 607 (4th Cir.1990). Pursuant to Rule 404(b), all evidence of other crimes relevant to an issue at trial shall be admitted, except that which proves only criminal disposition. United States v. Masters, 622 F.2d 83, 85 (4th Cir.1980).
 
 
 3
 In order to convict Miller of violating 21 U.S.C. Sec. 846, the Government was required to prove beyond a reasonable doubt (1) an agreement between two or more persons to violate United States controlled substances law and (2) defendant's willful joinder in that agreement. United States v. Clark, 928 F.2d 639, 641-42 (4th Cir.1991); United States v. Gallo, 782 F.2d 1191, 1194 (4th Cir.1986). Miller objected to a witness's testimony that within the previous six months, Miller, in concert with his co-defendant, had sold cocaine to the witness. Such testimony was relevant to the question of whether Miller knowingly and intentionally engaged in the acts for which he was convicted. Accordingly, we cannot say that the trial court abused its discretion for allowing the witness to so testify. Ramey, 791 F.2d at 323.
 
 
 4
 In his second claim Miller asserts that the evidence was insufficient to establish a violation of 21 U.S.C. Sec. 846, and so his motions for acquittal should have been granted. When construed in the light most favorable to the Government, there was substantial evidence that would warrant a jury finding Miller guilty beyond a reasonable doubt. Fed.R.Crim.P. 29(a); United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir.1982). Because the evidence adduced at trial was sufficient to establish beyond a reasonable doubt the elements required for a violation of Sec. 846, see Clark, 928 F.2d at 641-42; Gallo, 782 F.2d at 1194, we find that the trial court properly denied the motions for acquittal.
 
 
 5
 Accordingly, we affirm Miller's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid in the decisional process.
 
 AFFIRMED