**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee,*

v.

MARK EDWARDS, JR.,
      *Defendant-Appellant.*

No. 01-4563

UNITED STATES OF AMERICA,
      *Plaintiff-Appellee,*

v.

MARK EDWARDS, SR.,
      *Defendant-Appellant.*

No. 01-4578

Appeals from the United States District Court
for the Western District of Virginia, at Abingdon.
James P. Jones, District Judge.
(CR-00-87)

Submitted: March 11, 2002

Decided: March 20, 2002

Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Dennis E. Jones, DENNIS E. JONES & ASSOCIATES, Lebanon,
Virginia; Wade T. Compton, C. EUGENE COMPTON, P.C., Leba-

non, Virginia, for Appellants. John L. Brownlee, United States Attorney, Eric M. Hurt, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Mark Edwards, Jr. and Mark Edwards, Sr. (collectively, Appellants) were both convicted of travelling in interstate commerce to commit a crime of violence ("Travel Act violation"), in violation of 18 U.S.C.A. § 1952(a)(3)(B) (West 2000); use and discharge or brandishing of a firearm during a violent felony, in violation of 18 U.S.C.A. § 924(c) (West 2000); and being an unlawful user of controlled substances in possession of a firearm, in violation of 18 U.S.C.A. § 922(g)(3) (West 2000). In addition, Edwards, Jr. was convicted of conspiracy to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C.A. § 846 (West 2000), and possession with intent to distribute of more than 50 grams of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1) (West 2000). Appellants challenge venue and the sufficiency of the evidence on various charges. We affirm.

### I. *Venue*

Appellants challenge the venue for their convictions for the Travel Act violations and for use and discharge or brandishing of a firearm during a violent felony. In addition, Edwards, Jr. challenges the venue for his conviction for being an unlawful user of controlled substances in possession of a firearm.

With regard to a charge under the Travel Act, venue lies in any district in which the travel occurred. *United States v. Burns*, 990 F.2d 1426, 1436-37 (4th Cir. 1993). Appellants travelled from their home

in Bristol, Virginia, which is in the Western District of Virginia, to Tennessee to forcibly retrieve drug money using firearms. Thus, the district court properly found that venue was proper in the Western District of Virginia.

Regarding the § 924(c) offenses, the Supreme Court has held that "[w]here venue is appropriate for the underlying crime of violence, so too it is for the § 924(c)(1) offense." *United States v. Rodriguez-Moreno*, 526 U.S. 275, 282 (1999). Here, the underlying crime of violence for each § 924(c) offense was the Travel Act violation. Because, as discussed above, venue in the Western District of Virginia was proper for the Travel Act violation, venue in the Western District of Virginia also was proper for the firearm offenses.

Finally, Edwards, Jr. claims that venue was improper in the Western District of Virginia for his conviction for possessing a firearm while being an unlawful user of a controlled substance. To determine the place of proper venue in criminal proceedings, we examine "the nature of the crime alleged and the location of the overt acts charged and completed by the defendant." *United States v. Stewart*, 256 F.3d 231, 241 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 122 S. Ct. 633 (2001). "In performing this inquiry, a court must identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts." *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279 (1999). Section 922(g)(3) makes it unlawful for any person "who is an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)) . . . to ship or transport in interstate . . . commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate . . . commerce." 18 U.S.C.A. § 922(g)(3). The testimony at trial showed that Edwards, Jr. "stashed" the firearm in question in his Virginia home, approximately two weeks before travelling to Tennessee. (J.A. at 242.) Thus, because one of the "essential conduct elements" underlying the offense occurred in the Western District of Virginia, venue was proper in that district. *United States v. Bowens*, 224 F.3d 302, 308-09 (4th Cir. 2000), *cert. denied*, 532 U.S. 944 (2001).

## II. *Sufficiency of the Evidence*

This court must affirm Appellants' convictions if there is substantial evidence, when viewed in the light most favorable to the Government, to support the jury's verdict. *Glasser v. United States*, 315 U.S. 60, 80 (1942). In determining whether the evidence is substantial, this court views the evidence in the light most favorable to the Government and inquires "whether the evidence adduced at trial could support any rational determination of guilty beyond a reasonable doubt." *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating the sufficiency of the evidence, the court does not review witness credibility and assumes the jury resolved all contradictions in the evidence in the Government's favor. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998).

To support a conviction under the Travel Act, the Government must prove three elements: (1) interstate travel; (2) intent to promote unlawful activity, i.e., a business enterprise; and (3) performance or attempted performance of an unlawful act. *United States v. Gallo*, 782 F.2d 1191, 1194 (4th Cir. 1986). "Business enterprise" has been defined as a continuous course of conduct rather than a sporadic, casual involvement in the proscribed activity. *United States v. Corbin*, 662 F.2d 1066, 1073 n.16 (4th Cir. 1981). The indictment in this case charged a business enterprise "involving narcotics and controlled substances." (J.A. at 45.) The evidence at trial showed that Appellants accompanied Donald Edwards (brother of Edwards, Jr., and son of Edwards, Sr.) from Virginia to Tennessee to avenge a drug-related robbery. Appellants argue that the drug enterprise belonged to Donald Edwards and that they were unaware of this enterprise. Rather, Appellants argue that they were merely seeking retribution for a robbery. In the alternative, Appellants assert that, even if they knew of the thwarted attempt by Donald Edwards to buy drugs, their knowledge was limited to that individual or isolated attempt.

The jury heard evidence that, a few days after Donald Edwards was arrested for selling drugs and had been released on bond, Appellants became aware that a known drug dealer had robbed Donald Edwards of $1200 in cash in a drug deal gone bad. Instead of notifying the police, Appellants armed themselves and accompanied Donald Edwards to Tennessee. Once in Tennessee, Edwards, Jr. made a state-

ment indicating that the stolen money was his. In addition, Edwards, Jr. recognized that Donald Edwards was involved in activities where he might need protection. Finally, Edwards, Jr. admitted his own involvement in distributing cocaine base. We conclude that, from these facts, a rational jury could have found that Appellants were aware of Donald Edwards' drug business and its ongoing nature and that they aided him in its continuation by going to Tennessee to help settle a drug robbery.

Edwards, Jr. next argues that the only evidence supporting his drug conspiracy and possession with intent to distribute convictions were his uncorroborated statements. *See Smith v. United States*, 348 U.S. 147, 152 (1954) (citing cases holding that accused may not be convicted on his own uncorroborated confession). Edwards, Jr.'s statements, however, were not uncorroborated. To the contrary, his statements regarding the names of his sources were corroborated by a co-conspirator's testimony that she knew the individuals named by Edwards, Jr. and knew them to be drug dealers. In addition, others testified that Edwards, Jr. went to Tennessee to recover drug proceeds and, in fact, referred to the drug money as his own. Thus, there was sufficient evidence both corroborating Edwards, Jr.'s confession and supporting his conspiracy conviction.

Finally, Edwards, Sr. challenges his conviction for possession of a firearm by a user of controlled substances, arguing that there was no evidence that he was a user of controlled substances at the time he possessed the firearm in question. In order to sustain a conviction under § 922(g)(3), the Government must prove that the Defendant's drug use was sufficiently consistent, "prolonged," and close in time to his gun possession to put him on notice that he qualified as an unlawful user of drugs under the statute. *United States v. Purdy*, 264 F.3d 809, 812 (9th Cir. 2001) (recognizing that statute may not encompass a Defendant whose illegal drug use was "infrequent" or in the "distant past"); *see also United States v. Jackson*, ___ F.3d ___, 2002 WL 191591 (4th Cir. Feb. 7, 2002) (holding that firearm possession and drug use need not be simultaneous to support a conviction under § 922(g)(3)).

A co-conspirator testified that Edwards, Sr. was illegally using drugs two weeks before the firearm possession described in the indict-

ment and that the drug use was not an isolated incident. Donald Edwards testified that Edwards, Sr. was a daily crack cocaine user during the relevant time period. In addition, Donald Edwards testified that his father is the one who decided where to go to get weapons and ammunition for their trip, showing prior knowledge of available firearms. Therefore, we conclude that the evidence was sufficient to show that Edwards, Sr. was an unlawful drug user at a time in reasonable proximity to his possession of firearms.

Based on the foregoing, we affirm Appellants' convictions and sentences. We dispense with oral argument because the facts and legal contentions adequately are presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*