**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4273**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

KEEGAN LEAHY,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Roger W. Titus, Senior District Judge. (8:10-cr-00777-RWT-6)

Submitted:  February 25, 2015      Decided:  March 20, 2015

Before KING, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael D. Montemarano, MICHAEL DANIEL MONTEMARANO, PA, Columbia, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Baltimore, Maryland, Deborah A. Johnston, Mara Zusman Greenberg, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland; Leslie R. Caldwell, Assistant Attorney General, Sung-Hee-Suh, Deputy Assistant Attorney General, William A. Glaser, Appellate Section, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury found Keegan Leahy guilty of conspiracy to distribute and possess with intent to distribute marijuana in violation of 21 U.S.C. § 846 (2012) and interstate travel to facilitate illegal activity in violation of 18 U.S.C. § 1952 (2012) ("Travel Act"). The district court sentenced Leahy to thirty-six months of imprisonment and he now appeals. For the reasons that follow, we affirm.

Leahy challenges the district court's instruction to the jury regarding willful blindness. Leahy argues that the instruction was not warranted based on the evidence and that the instruction was an incorrect statement of the law. We review a district court's decision whether to give a jury instruction for abuse of discretion. See United States v. Ali, 735 F.3d 176, 187 (4th Cir. 2013), cert. denied, 134 S. Ct. 1357 (2014). "It is well established that where a defendant asserts that he did not have the requisite mens rea to meet the elements of the crime but evidence supports an inference of deliberate ignorance, a willful blindness instruction to the jury is appropriate." Id. (internal quotation marks omitted). Such an instruction is appropriate only in rare circumstances. See id.

Moreover, "[i]n reviewing the adequacy of instructions, we accord the district court much discretion and will not reverse provided that the instructions, taken as a whole, adequately

2

state the controlling law." United States v. Bolden, 325 F.3d 471, 486 (4th Cir. 2003) (internal quotation marks omitted). We have thoroughly reviewed the record and the relevant legal authorities and conclude that there was sufficient evidence of willful blindness to support the district court's instruction to the jury. We further conclude that the court's instruction adequately stated the controlling law.

Leahy next challenges the sufficiency of the evidence to support the convictions. We review de novo a district court's decision to deny a motion for a judgment of acquittal. See United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). "A defendant challenging the sufficiency of the evidence . . . faces a heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks omitted). The verdict must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by substantial evidence." Smith, 451 F.3d at 216 (internal quotation marks omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). "Reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." Beidler, 110 F.3d at 1067 (internal quotation marks omitted).

To secure a conspiracy conviction under 21 U.S.C. § 846, the government must prove three elements: "(1) [the defendant] entered into an agreement with one or more persons to engage in conduct that violated 21 U.S.C. § [] 841(a)(1) . . . ; (2) that [the defendant] had knowledge of that conspiracy; and (3) that [the defendant] knowingly and voluntarily participated in the conspiracy." United States v. Howard, 773 F.3d 519, 525 (4th Cir. 2014) (alterations in original) (internal quotation marks omitted). The government can prove the existence of a conspiracy wholly through circumstantial evidence. See id. Moreover, the knowledge element may be satisfied by showing that a defendant acted with willful blindness, or "purposely closed his eyes to avoid knowing what was taking place around him." United States v. Schnabel, 939 F.2d 197, 293 (4th Cir. 1991).

To demonstrate a Travel Act violation, the government must show (1) interstate travel, (2) an intent to promote an unlawful activity, and (3) performance or attempted performance of an unlawful act. United States v. Gallo, 782 F.2d 1191, 1194 (4th Cir. 1986). "Unlawful activity" is defined as any business enterprise involving narcotics or controlled substances in violation of federal law. 18 U.S.C. § 1952(b). Our review of the record leads us to conclude that the Government presented substantial evidence of Leahy's guilt of the offenses of conviction.

4

Leahy also challenges the district court's order denying his motion for a bill of particulars with respect to the Travel Act charge. A bill of particulars is appropriate when an indictment fails to provide adequate information to allow a defendant to understand the charges and to avoid unfair surprise. See United States v. Am. Waste Fibers Co., 809 F.2d 1044, 1047 (4th Cir. 1987); United States v. Jackson, 757 F.2d 1486, 1491 (4th Cir. 1985). Whether a bill of particulars was wrongly denied is reviewed for abuse of discretion. See United States v. MacDougall, 790 F.2d 1135, 1153 (4th Cir. 1986). "[A] defendant may show abuse of discretion in denying the motion by proving unfair surprise." Jackson, 757 F.2d at 1491.

Here, the district court did not err by denying Leahy's motion for a bill of particulars. The subject indictment tracked the statutory language and cited the charging statutes. As a general rule, this is sufficient. See, e.g., Hamling v. United States, 418 U.S. 87, 117-18 (1974). Moreover, Leahy has failed to demonstrate that the denial resulted in any unfair surprise at trial.

Leahy next challenges the Government's use of a witness's grand jury testimony to refresh his recollection on redirect examination after defense counsel had questioned the witness extensively about his testimony before the grand jury. "We review evidentiary rulings of the district court for abuse of

5

discretion." United States v. Caro, 597 F.3d 608, 633 (4th Cir. 2010) (internal quotation marks omitted). An abuse of discretion occurs only when "the [district] court acted arbitrarily or irrationally in admitting evidence." United States v. Williams, 445 F.3d 724, 732 (4th Cir. 2006) (internal quotation marks omitted).

The district court properly allowed the Government to provide the witness with his grand jury testimony to refresh his recollection regarding that testimony. As this was the purpose for which the transcript was used, the court correctly determined that the grand jury testimony was not admitted as substantive evidence. See United States v. Morlang, 531 F.2d 183, 190-91 (4th Cir. 1975) (noting use of written memorandum to refresh a witness's recollection is proper); see also Fed. R. Evid. 612 (regarding writings used to refresh a witness's recollection).

Finally, Leahy challenges the district court's order denying his post-judgment motions to require the Government to disclose allegedly intercepted communications pursuant to 18 U.S.C. § 3504 (2012) and to dismiss the indictment and vacate the jury verdict. However, because Leahy failed to file a notice of appeal of the district court's order denying his motions, that order is not before this court. See Fed. R. App. P. 4(b). Even if we were to consider this issue, however, we

6

conclude that the district court did not err by denying Leahy's motions.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED