PUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

JOHN L. BROWER,
            *Defendant-Appellant.*

No. 02-4551

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-02-21)

Argued: May 7, 2003

Decided: July 9, 2003

Before LUTTIG, WILLIAMS, and TRAXLER, Circuit Judges.

Affirmed by published opinion. Judge Williams wrote the opinion, in which Judge Luttig and Judge Traxler joined.

## COUNSEL

**ARGUED:** Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee. **ON BRIEF:** Louis C. Allen, III, Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Greensboro, North Carolina, for Appellee.

**OPINION**

WILLIAMS, Circuit Judge:

John L. Houston Brower appeals his conviction for knowingly and intentionally distributing more than 50 grams of a substance containing cocaine base. Brower argues that the district court erred by instructing the jury that the Government did not have to prove that he knew the exact nature of the substance he distributed. For the reasons set forth below, we affirm.

## I.

On January 29, 2002, a federal grand jury in the United States District Court for the Middle District of North Carolina indicted Brower for knowingly and intentionally distributing 68.8 grams of a substance containing a detectable amount of cocaine base in violation of 21 U.S.C.A. § 841(a)(1) (West 1999). Brower pleaded not guilty and was tried by a jury. After the close of evidence, the district court, over Brower's objections, instructed the jury that

> [a]lthough the Government must prove the Defendant knew he distributed a controlled substance, the Government does not have to prove the Defendant knew the actual nature of the substance he distributed. It is enough that the Government proves the Defendant knew he distributed some kind of controlled substance.

(J.A. at 163-64.)

On April 9, 2002, Brower was found guilty of distributing more than 50 grams of a substance containing a detectable amount of cocaine base. On June 21, 2002, Brower was sentenced to life in prison under 21 U.S.C.A. § 841(b)(1)(A)(iii). Brower filed a timely notice of appeal.

## II.

We consider de novo whether a jury was properly instructed on the statutory elements of an offense. *United States v. Horton*, 321 F.3d

476, 479 (4th Cir. 2003). Section 841(a) provides, in pertinent part: "[I]t shall be unlawful for any person knowingly or intentionally — (1) to . . . distribute . . . a controlled substance." 21 U.S.C.A. § 841(a)(1). Section 841(b)(1)(A)(iii) permits an enhanced sentence for a drug offense under § 841(a) involving "50 grams or more of a mixture or substance described in clause (ii) which contains cocaine base." 21 U.S.C.A. § 841(b)(1)(A)(iii). Brower argues that under Fourth Circuit caselaw and the Supreme Court's opinion in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), this statutory language requires the Government to prove that he knew that he was distributing the controlled substance that was alleged in the indictment, that is, cocaine base. Thus, according to Brower, the district court's instruction to the jury that the Government need only prove that he knew that he was distributing some kind of controlled substance was erroneous.

We held, prior to *Apprendi*, that "[i]n order to secure a conviction under [§ 841(a)(1)] the government must prove beyond a reasonable doubt that (1) defendant knowingly or intentionally distributed the controlled substance alleged in the indictment, and (2) at the time of such distribution the defendant knew that the substance distributed was a controlled substance under the law." *United States v. Tran Trong Cuong*, 18 F.3d 1132, 1137 (4th Cir. 1994). The district court's instruction, therefore, is not inconsistent with Fourth Circuit caselaw.[1]

---

[1]Brower, however, insists that this court's case law in fact requires the government to prove that a defendant knew which controlled substance he was distributing. In support of this argument, Brower points to *United States v. Burgos*, 94 F.3d 849 (4th Cir. 1996) (en banc), which stated that "[t]he elements necessary to prove a conviction for possession with intent to distribute cocaine base are: (1) possession of the cocaine base; (2) knowledge of this possession; and (3) *intention to distribute the cocaine base*." *Id.* at 873 (emphasis added). This articulation of the elements of a section 841 charge was made in the context of a challenge to the sufficiency of the government's evidence that the defendant possessed the drugs. There was no challenge to the jury instructions in *Burgos*, and the issue before this court today was in no way implicated by any of the issues before the *Burgos* court. Under these circumstances, the *Burgos* court's shorthand discussion of the elements of a section 841 charge cannot be understood to have worked a change, *sub silentio*, in the long-standing rule that the government need only prove that the defendant knew he was distributing some controlled substance.

The issue, then, is whether *Apprendi* changed the Government's mens rea burden with regard to the particular controlled substance involved in the offense. The Government's mens rea burden is defined under § 841(a), which makes it an offense to "knowingly or intentionally" distribute a controlled substance. The Court in *Apprendi* held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The penalty for a drug offense under § 841(a) can be increased under § 841(b) where the offense "involv[ed]" specific amounts of specific drugs. 21 U.S.C.A. § 841(b)(1)(A). But there is no requirement that to justify imposition of an enhanced sentence the Government prove that the defendant *knew* the specific amount or specific type of drug involved. Rather, an enhanced sentence under § 841(b) only requires the Government to prove beyond a reasonable doubt that the drug offense *involved* the amount of the specific drug alleged in the indictment. *Id.* § 841(b). Simply stated, the defendant's knowledge with regard to the exact nature, or for that matter the exact amount, of a controlled substance is not a fact that increases the penalty under § 841(b). The holding in *Apprendi*, therefore, does not require the Government to prove that Brower knew that he was distributing a substance containing cocaine base and, accordingly, the district court did not err by instructing the jury that the Government needed only to prove that Brower knew that he was distributing a controlled substance. *See United States v. Barbosa*, 271 F.3d 438, 458 (3rd Cir. 2001), *cert. denied*, __ U.S. __, 123 S. Ct. 660 (2002) ("[T]he structure and plain text of § 841 affords no support for a requirement that the Government must prove more than the defendant's knowledge that he was trafficking in a controlled substance."); *see also United States v. Villarce*, 323 F.3d 435, 439 (6th Cir. 2003) (listing cases).[2]

---

[2]For the first time in his reply brief, Brower raises a claim regarding the consistency of the jury instructions. Because it was not included in his opening brief, we consider it waived. *See Carter v. Lee*, 283 F.3d 240, 252 n.11 (4th Cir. 2002) (contentions not raised in the opening brief generally considered waived).

### III.

For the foregoing reasons, we affirm Brower's conviction for knowingly and intentionally distributing more than 50 grams of a substance containing cocaine base.

*AFFIRMED*