**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 07-4353**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL CHARLES PARKER,

Defendant - Appellant.

———————————

**No. 07-4373**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL CHARLES PARKER,

Defendant - Appellant.

———————————

Appeals from the United States District Court for the Eastern
District of Virginia, at Richmond.  Robert E. Payne, Senior
District Judge.  (3:06-cr-00384-REP; 3:03-cr-00379-REP)

———————————

Submitted:  July 16, 2008          Decided:  August 26, 2008

———————————

Before NIEMEYER, MICHAEL, and TRAXLER, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Michael S. Nachmanoff, Federal Public Defender, Mary E. Maguire, Assistant Federal Public Defender, Richmond, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Olivia N. Hawkins, Assistant United States Attorney, Richmond, Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael C. Parker appeals his conviction and sixty-month sentence following a jury trial of one count of distribution of cocaine base, in violation of 21 U.S.C. § 841 (2000) (Appeal No. 07-4353). Based on this conviction, Parker was also found guilty of violating the terms and conditions of a previously-imposed term of supervised release and was sentenced to an additional twenty-four months' imprisonment (Appeal No. 07-4373), to run consecutively with his sixty-month sentence on the distribution charge.[*] On appeal, Parker argues that the district court erred in denying his motion for judgment of acquittal because the evidence was insufficient to sustain the jury's verdict on the distribution charge. Parker also argues that the district court erred in departing upward pursuant to U.S. Sentencing Guidelines Manual § 4A1.3 (2006), on the ground that criminal history category VI substantially under-represented the seriousness of his criminal history. For the following reasons, we affirm the district court's judgment in each matter.

A defendant challenging the sufficiency of the evidence faces a "heavy burden." United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (internal quotation marks omitted). "[A]n appellate court's reversal of a conviction on grounds of

_____

[*]Parker's challenge to the revocation of his supervised release is subsumed in his challenge to his § 841 conviction.

- 3 -

insufficient evidence should be confined to cases where the prosecution's failure is clear." United States v. Jones, 735 F.2d 785, 791 (4th Cir. 1984) (internal quotation marks omitted). A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the government, and inquire whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of the defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). We do not review the credibility of the witnesses, and we assume that the jury resolved all contradictions in the testimony in favor of the government. United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998).

The elements of Parker's offense of conviction are: (1) knowing or intentional distribution of the controlled substance stated in the indictment, and (2) knowledge, at the time of distribution, that the substance distributed was a controlled substance. United States v. Brower, 336 F.3d 274, 276 (4th Cir. 2003). To distribute a controlled substance means to deliver it; delivery, in turn, is "the actual, constructive, or attempted transfer of a controlled substance." United States v. Washington, 41 F.3d 917, 919 (4th Cir. 1994) (internal quotations and citation

- 4 -

information omitted).  Our review of the record confirms that the evidence presented to the jury was sufficient to prove that Parker knowingly distributed cocaine base.   For this reason, his conviction and the revocation of his supervised release are affirmed.

Next, Parker appeals his sentence.  After <u>United States v. Booker</u>, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines. Instead, in choosing a sentence, a district court must (1) properly calculate the advisory guideline range; (2) allow the parties to argue for an appropriate sentence; (3) consider the § 3553(a) factors in light of the parties' arguments and make an individualized assessment based on the facts; and (4) adequately explain its reasons for choosing the sentence (the explanation must include the justifications for any variance from the guidelines). <u>See</u> <u>Gall v. United States</u>, 128 S. Ct. 586, 596-97 (2007); <u>United States v. Evans</u>, 526 F.3d 155, 160-61 (4th Cir. 2008).  We review a district court's choice of sentence for abuse of discretion. <u>Gall</u>, 128 S. Ct. at 597.

The district court correctly calculated the advisory guidelines range and heard arguments from the parties.  The court determined that the advisory guidelines range did not satisfy the § 3553(a) factors because of the "serious" and "unrelenting nature"

of Parker's criminal history and his admission that he would continue to violate the law. J.A. 441.

Relying on USSG § 4A1.3, the district court then imposed a sentence of sixty months, twenty-three months above the top of the pre-departure advisory range. According to USSG § 4A1.3, a district court may depart upward from an applicable guidelines range if "reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." USSG § 4A1.3. In deciding whether a departure is warranted under § 4A1.3, a sentencing court may consider uncounted prior sentences and prior similar adult conduct not resulting in criminal conviction. USSG § 4A1.3(a)(2)(A), (E).

Considering Parker's history of recidivism, much of which occurred while he was on supervised release, the nature of his criminal conduct, and his history of lenient punishments and rejection of rehabilitation, we conclude that the district court acted reasonably in departing upward. Moreover, the court departed above category VI by following the "incremental approach" mandated by § 4A1.3(a)(4)(B). The district court explicitly determined that each intervening level was insufficient, and then moved down the sentencing table to the next higher offense level until it reached a Level 17, which it felt was appropriate. The district court thus

adequately articulated its reasons for departing from the guidelines range. We accordingly conclude that the sentence imposed upon the § 841 conviction was not an abuse of discretion.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED