**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 08-4951**

─────────────

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

TONY L. PURYEAR,

                    Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:08-cr-00077-HEH-1)

─────────────

Submitted:  June 11, 2009              Decided:  July 2, 2009

─────────────

Before MICHAEL and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Robert L. Flax, Richmond, Virginia, for Appellant.  Dana J. Boente, Acting United States Attorney, Peter S. Duffey, Assistant United States Attorney, Richmond, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tony L. Puryear appeals his convictions and 108 month sentence for distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii), (b)(1)(C) (2006). Puryear's counseled appellate brief raises ten claims: Puryear's convictions violated Apprendi v. New Jersey, 530 U.S. 466 (2000) (Claim 1); his convictions violated the Commerce Clause (Claim 2); the judge erred in excluding evidence of the prior conviction of a trial witness, Alice Chambers (Claim 3); the district court should have excluded evidence of purchases made by Chambers's friend, Earl (Claim 4); the court erred in denying Puryear's motions for judgment of acquittal (Claim 5) and for a mistrial (Claim 6); the evidence was insufficient to support Puryear's conviction (Claim 7); Puryear's conviction should have been reversed as he was a victim of entrapment (Claim 8); Puryear's house should not have been forfeited (Claim 9); and Puryear's sentence is unreasonable (Claim 10).

While Puryear's counsel contends that Claim 7 is meritorious, he asserts that the remaining issues are raised pursuant to Anders v. California, 386 U.S. 738 (1967). Further, as to Claims 1-6 and 8-9, counsel explicitly concedes that each issue is without merit. Because we conclude that counsel's effort to combine a meritorious claim with claims conceded to be lacking in merit does not comport with the Anders framework, see

2

*id.* at 744-45 (setting forth procedure to be followed when counsel finds "case to be wholly frivolous"), we decline to consider this appeal pursuant to Anders. Accordingly, the judgment of the district court is affirmed as to Claims 1-6 and 8-9. As to Claim 10, however, while it is generally identified as submitted pursuant to Anders, counsel does not concede that it is without merit. Accordingly, out of an abundance of caution, we consider that Claim 10 (a challenge to Puryear's sentence), along with Claim 7 (an attack on the sufficiency of the evidence), are properly before the Court. Finding these claims to be without merit, however, we affirm.

## I. Sufficiency of the Evidence

"A defendant challenging the sufficiency of the evidence faces a heavy burden." United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007), cert. denied, 128 S. Ct. 1690 (2008). We review a sufficiency of the evidence challenge by determining whether, viewing the evidence in the light most favorable to the Government, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005).

In order to prove distribution of crack cocaine, the Government must show: (1) knowing or intentional distribution

of crack cocaine, and (2) knowledge, at the time of distribution, that the substance distributed was a controlled substance. See United States v. Brower, 336 F.3d 274, 276 (4th Cir. 2003).

In this case, the evidence is more than sufficient to support Puryear's convictions of eleven counts of distribution of crack cocaine. During the trial, Chambers described, in detail, each of her purchases from Puryear, specifically recalling the dates on which they occurred and the particular conversations that went on during each one. Sound and video recordings were played before the jury, depicting several of the controlled buys. Before and after each buy, Chambers was searched by law enforcement officers. The lead detective involved in the investigation testified as to the procedures taken to ensure that the eleven drug quantities Chambers bought from Puryear remained unaltered from the time they were taken from Chambers to the time they were tested at the lab. All eleven samples tested positive for crack cocaine. Accordingly, we find that substantial evidence supports Puryear's convictions.

## II. Reasonableness of Sentence

As Puryear attempted to submit this issue pursuant to Anders, it is arguable that he is conceding that this issue, like the other eight mentioned above, is without merit.

4

However, in his brief, he fails to explicitly state that the district court's sentence was reasonable, or that an appeal of this issue is lacking in merit. Instead, he first contends that the fact that Puryear sold drugs for profit was not a sufficiently aggravating factor to merit a sentence at the top of the guidelines range. Alternatively, Puryear argues that if he had only been convicted of Counts 9 and 10, he would only have been responsible for 8.642 grams of crack, yielding an adversary sentencing range of sixty-three to seventy-eight months' imprisonment.

Puryear's second contention, an apparent attack on the procedural reasonableness of his sentence, is dependent upon our finding that the evidence was insufficient to support Puryear's convictions of the eleven counts of crack distribution totaling forty-two grams. However, as the evidence did support such a finding, Puryear's second contention is without merit.

"Regardless of whether the sentence imposed is inside or outside the [g]uidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." Gall v. United States, 128 S. Ct. 586, 597 (2007). Appellate courts are charged with reviewing sentences for reasonableness, with appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. at 594, 597.

In determining procedural reasonableness, we first assess whether the district court properly calculated the defendant's advisory guidelines range. Gall, 128 S. Ct. at 596-97. We then determine whether the district court failed to consider the 18 U.S.C. § 3553(a) (2006) factors and any arguments presented by the parties, treated the guidelines as mandatory, selected a sentence based on "clearly erroneous facts," or failed to sufficiently explain the selected sentence. Id. at 597; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). Finally, we review the substantive reasonableness of the sentence, "taking into account the 'totality of the circumstances, including the extent of any variance from the [g]uidelines range.'" Pauley, 511 F.3d at 473 (quoting Gall, 128 S. Ct. at 597).

We may afford sentences that fall within the properly calculated guidelines range a presumption of reasonableness on appeal. See Gall, 128 S. Ct. at 597. This presumption can be rebutted only by showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks and citation omitted).

After reviewing the trial transcript, we find that Puryear's sentence is both procedurally and substantively reasonable. First, the district court properly calculated

6

Puryear's advisory guidelines sentence at eighty-seven to 108 months' imprisonment. Then, after giving both Puryear and his counsel a chance to speak, the district court determined the appropriate sentence. The court indicated that it considered the 18 U.S.C. § 3553(a) (2006) sentencing factors, specifically the nature and circumstances of the offense, the characteristics of the defendant, and the need to promote respect for the law.

Moreover, because the sentence fell within the advisory guidelines range, we afford it a presumption of reasonableness on appeal. See Gall, 128 S. Ct. at 597. Though Puryear believes that his sale of drugs for pure commercial profit was insufficient justification for a sentence at the top of the guidelines range, Puryear's subjective disagreement with the judge's rationale is inadequate to rebut the presumption of reasonableness. The judge listed several reasons in support of his sentence, including the fact that Puryear did not have a single, isolated conviction for drug distribution, but instead demonstrated a recurring pattern of illegal behavior. Accordingly, we find that Puryear's sentence was reasonable.

Therefore, we affirm the judgment of the district court and deny Puryear's motions to appoint new counsel and to file a pro se brief. We dispense with oral argument as the facts and legal contentions are adequately presented in the

7

materials before the court and further argument would not aid the decisional process.

AFFIRMED