**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 11-4490**

─────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

DARNELL BARNES, a/k/a Imani,

                Defendant - Appellant.

─────────

Appeal from the United States District Court for the Eastern
District of Virginia, at Newport News.  Robert G. Doumar, Senior
District Judge.  (4:10-cr-00074-RGD-DEM-1)

─────────

Submitted:  February 16, 2012      Decided:  February 28, 2012

─────────

Before DUNCAN, AGEE, and DAVIS, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Bryan L. Saunders, Newport News, Virginia, for Appellant.  Laura
Pellatiro Tayman, Assistant United States Attorney, Newport
News, Virginia, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Darnell Barnes of conspiracy to distribute and possess with intent to distribute heroin and cocaine, in violation of 21 U.S.C. § 846 (2006), and two counts of possession with intent to distribute and distribution of heroin, in violation of 21 U.S.C. § 841(a)(1) (2006). The district court sentenced Barnes to 188 months' imprisonment. Barnes' attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), testing the sufficiency of the evidence supporting Barnes' convictions, questioning whether the Government's comment during closing argument regarding Barnes' co-defendant's failure to testify deprived Barnes of his right to a fair trial, and challenging the reasonableness of Barnes' sentence. Counsel states, however, that he has found no meritorious grounds for appeal. Barnes filed three pro se briefs, expanding upon the arguments raised by counsel. We affirm.

Barnes' challenge to the sufficiency of the evidence attacks the credibility of the witnesses. However, in evaluating the sufficiency of evidence, we will not review "the credibility of witnesses, but assume that the jury resolved all contradictions in the testimony in favor of the Government." United States v. Roe, 606 F.3d 180, 186 (4th Cir.), cert denied, 131 S. Ct. 617 (2010). Moreover, taking the evidence in the

2

light most favorable to the Government, see United States v. Abu Ali, 528 F.3d 210, 244 (4th Cir. 2008) (providing standard), we conclude substantial evidence supports the verdict. See United States v. Yearwood, 518 F.3d 220, 225-26 (4th Cir. 2008) (conspiracy); United States v. Brower, 336 F.3d 274, 276 (4th Cir. 2003) (distribution).

Next, Barnes argues the Government's statement during closing argument about his co-defendant's failure to testify deprived him of his right to a fair trial. After reviewing the transcript and examining the prosecutor's comment in context, we conclude without difficulty that the comment does not warrant reversal because it was a factual clarification of the prosecutor's prior misstatement regarding Barnes' co-defendant. See United States v. Jones, 471 F.3d 535, 542 (4th Cir. 2006). Moreover, even if improper, we conclude that the comment did not affect Barnes' substantial rights. See United States v. Hasting, 461 U.S. 499, 507-10 (1983) (providing standard); Jones, 471 F.3d at 542 n.2.

Last, Barnes questions the reasonableness of his sentence. Because Barnes did not request a sentence different than the one ultimately imposed, we review his sentence for plain error. See United States v. Lynn, 592 F.3d 572, 578-79 (4th Cir. 2010); see United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009) (discussing plain error standard).

3

First, we examine the sentence for significant procedural error, including such errors "as failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall v. United States, 552 U.S. 38, 51 (2007). If there are no procedural errors, we then consider the substantive reasonableness of the sentence, "taking into account the totality of the circumstances." United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (internal quotation marks omitted).

Here, the district court followed the necessary procedural steps in sentencing Barnes. Moreover, Barnes has not rebutted the presumption of reasonableness accorded his within-Guidelines sentence on appeal. See United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006). Hence, we conclude the sentence imposed by the district court is reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment and deny Barnes' motion for default judgment. This court requires that counsel inform Barnes, in writing, of the right to petition the Supreme Court of the United States for further review. If Barnes requests that a petition be filed, but counsel believes

4

that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Barnes. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED