**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-4266**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEBON DERONE SIMS, JR.,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:15-cr-00239-WO-1)

_____

Submitted:  March 28, 2017                      Decided:  April 17, 2017

_____

Before WILKINSON, KEENAN, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Kimberly F. Davis, Special Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Debon Derone Sims, Jr., of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846 (2012); international travel to facilitate the distribution of cocaine, in violation of 18 U.S.C. § 1952(a)(3) (2012) (Travel Act); use of a communication facility to facilitate the distribution of cocaine, in violation of 21 U.S.C. § 843(b) (2012); and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a) (2012). The district court sentenced Sims to 54 months of imprisonment and he now appeals. Finding no error, we affirm.

Sims first challenges the sufficiency of the evidence to support his convictions, arguing that there was not substantial evidence to demonstrate that he knowingly conspired to distribute, or possessed with intent to distribute, cocaine. We review a district court's decision to deny a Fed. R. Crim. P. 29 motion for a judgment of acquittal de novo. *United States v. Smith*, 451 F.3d 209, 216 (4th Cir. 2006). A defendant challenging the sufficiency of the evidence faces a heavy burden. *United States v. Beidler*, 110 F.3d 1064, 1067 (4th Cir. 1997). In determining whether the evidence is sufficient to support a conviction, we determine "whether there is substantial evidence in the record, when viewed in the light most favorable to the government, to support the conviction." *United States v. Palacios*, 677 F.3d 234, 248 (4th Cir. 2012) (internal quotation marks omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (internal quotation marks omitted). Furthermore,

2

"[d]eterminations of credibility are within the sole province of the jury and are not susceptible to judicial review." *Id.* (internal quotation marks omitted).

"To establish a drug conspiracy under 21 U.S.C. § 846, the government must prove that (1) the defendant entered into an agreement with one or more persons to engage in conduct that violated 21 U.S.C. § 841(a)(1); (2) that the defendant had knowledge of that conspiracy; and (3) that the defendant knowingly and voluntarily participated in the conspiracy." *United States v. Howard*, 773 F.3d 519, 525 (4th Cir. 2014) (internal quotation marks and alterations omitted). The government can prove the existence of a conspiracy wholly through circumstantial evidence. *Id.* For a conviction under § 841(a), the government must show that a defendant knowingly or intentionally possessed a controlled substance with the intent to distribute it. *United States v. Blue*, 808 F.3d 226, 232 (4th Cir. 2015). For constructive possession, the defendant must have had knowledge of the existence of the drugs, and the power to exercise dominion and control over the drugs. *Id.*

To demonstrate a Travel Act violation, the government must show (1) interstate or foreign travel, (2) an intent to promote an unlawful activity, and (3) performance or attempted performance of an unlawful act. *United States v. Gallo*, 782 F.2d 1191, 1194 (4th Cir. 1986). Finally, for a violation of § 843(b), the government must demonstrate that a defendant used a telephone to facilitate the distribution of cocaine, and may establish facilitation by showing that the calls assisted or aided the distribution in some way. *Id.* at 1023. The evidence demonstrates that Sims twice traveled to the United States Virgin Islands between January and February 2015, during which time he used a

3

telephone to communicate with persons there on several occasions. In February 2015, a package was mailed to Sims' address from the Virgin Islands that was intercepted by authorities and discovered to contain a kilogram of cocaine. Our thorough review of the record leads us to conclude that there was sufficient evidence from which the jury could conclude that Sims knowingly agreed to distribute, and knowingly possessed with intent to distribute, cocaine.

Sims also challenges the district court's admission of evidence derived from his cellular telephone of receipts of wire transfers to persons in the Virgin Islands and deliveries of other packages from the Virgin Islands to addresses in New York and North Carolina. A district court should exclude relevant evidence when "its probative value is 'substantially outweighed' by the potential for undue prejudice, confusion, delay or redundancy." *United States v. Queen*, 132 F.3d 991, 994 (4th Cir. 1997) (quoting Fed. R. Evid. 403). "Prejudice, as used in Rule 403, refers to evidence that has an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Id. (internal quotation marks omitted).

We apply "a highly deferential standard of review to such an issue, and a trial court's decision to admit evidence over a Rule 403 objection will not be overturned except under the most extraordinary circumstances, where that discretion has been plainly abused." *United States v. Hassan*, 742 F.3d 104, 132 (4th Cir. 2014) (internal quotation marks omitted). Therefore, we look "at the evidence in a light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." *United States v. Cole*, 631 F.3d 146, 153 (4th Cir. 2011). Here, the evidence was highly

probative of Sims' connection to the drugs being mailed from the Virgin Islands. Sims has failed to demonstrate that any undue prejudice substantially outweighed this probative value and we therefore conclude that the district court did not abuse its discretion in admitting the evidence.

Finally, Sims challenges the district court's supplemental instruction to the jury that it was not necessary that the Government prove that Sims knew the exact nature of the controlled substance so long as the proof shows beyond a reasonable doubt that he knew that the item was a controlled substance. "The decision to give or not to give a jury instruction is reviewed for an abuse of discretion," *United States v. Hurwitz*, 459 F.3d 463, 474 (4th Cir. 2006) (internal quotation marks omitted), while the correctness of a jury instruction is reviewed do novo, as a question of law. *United States v. Ali*, 735 F.3d 176, 186 (4th Cir. 2013). "We review a jury instruction to determine whether, taken as a whole, the instruction fairly states the controlling law." *Hurwitz*, 459 F.3d at 474 (internal quotation marks omitted). Moreover, "the necessity, extent[,] and character of any supplemental instructions to the jury are matters within the sound discretion of the district court." *United States v. Horton*, 921 F.2d 540, 546 (4th Cir. 1990) (citations omitted). The district court's instruction was a correct statement of the law. *See United States v. Brower*, 336 F.3d 274, 276-77 (4th Cir. 2003); *see also Ali*, 735 F.3d at 185-86. We therefore discern no abuse of discretion in the court's supplemental jury instruction.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*AFFIRMED*