**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 19-4894**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRANCE NATHANIEL BROWN, JR., a/k/a War, a/k/a War Stone, a/k/a Luciano, a/k/a King Riko,

Defendant - Appellant.

———————

**No. 20-4107**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CLIFFORD ALEXANDER JENNINGS, a/k/a Big Cliff, a/k/a Wolverine, a/k/a Ethiopia, a/k/a Certified, a/k/a Mr. Certified,

Defendant - Appellant.

———————

Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk. Raymond A. Jackson, District Judge. (2:17-cr-00150-RAJ-RJK-2; 2:17-cr-00150-RAJ-RJK-3)

———————

Submitted: March 31, 2021                                      Decided: October 20, 2021

---

Before WILKINSON, DIAZ, and THACKER, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

Andrew M. Stewart, DENNIS, STEWART & KRISCHER, PLLC, Arlington, Virginia; Lawrence H. Woodward, Jr., RULOFF, SWAIN, HADDAD, MORECOCK, TALBERT & WOODWARD, P.C., Virginia Beach, Virginia, for Appellants. G. Zachary Terwilliger, United States Attorney, Raj Parekh, Acting United States Attorney, Daniel T. Young, Assistant United States Attorney, Alexandria, Virginia, Joseph E. DePadilla, Assistant United States Attorney, Norfolk, Virginia, Megan Montoya, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrance Nathaniel Brown, Jr. and Clifford Alexander Jennings were charged in the Eastern District of Virginia with a racketeering conspiracy and various drug and firearm offenses, which are related to convictions previously obtained against Brown and Jennings in the Western District of Virginia. In this case, a jury convicted Brown of four counts of distribution of, or possession with intent to distribute, marijuana or clonazepam, in violation of 21 U.S.C. § 841(a)(1). The court sentenced Brown to 36 months' imprisonment, to run concurrently with the sentence imposed in the Western District of Virginia on the related counts. The jury convicted Jennings of seven counts of distribution of heroin, in violation of 21 U.S.C. § 841(a)(1); possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 2, 922(g)(1); and transfer of a firearm to a prohibited person, in violation of 18 U.S.C. § 922(d)(1). The court sentenced Jennings to 96 months' imprisonment, consisting of 60 months on the drug distribution counts, to run concurrently with his prior sentence from the Western District of Virginia, and 36 months on the firearm counts, concurrent to each other but consecutive to both the sentence for the drug counts and the sentence he already was serving in the Western District of Virginia.

On appeal, Brown challenges the sufficiency of the evidence to support his convictions and disputes the district court's decision to impose a Sentencing Guidelines enhancement for possession of a firearm, pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2018). In his original appellate briefs, Jennings challenges the district court's decision to run the sentence imposed for his firearm offenses consecutive to his prior sentence in the Western District of Virginia.

3

Following review of the parties' submissions, we directed the parties to provide supplemental briefs addressing: (1) whether *United States v. Provance*, 944 F.3d 213 (4th Cir. 2019), requires this Court to consider any error in a sentence under *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), before reviewing the substantive reasonableness of the sentence; and (2) whether Jennings' criminal judgment violates *Rogers*. Finding no error in Brown's convictions and sentence, we affirm his criminal judgment. However, we vacate Jennings' sentence and remand for resentencing.

I.

Brown first asserts that the evidence at trial was insufficient to support his convictions under § 841(a)(1). "We must sustain a guilty verdict if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by substantial evidence." *United States v. Burfoot*, 899 F.3d 326, 334 (4th Cir. 2018). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Palomino-Coronado*, 805 F.3d 127, 130 (4th Cir. 2015) (internal quotation marks omitted). In undertaking this review, we will not "resolve conflicts in the testimony" or "weigh the evidence," *Musacchio v. United States*, 577 U.S. 237, 243 (2016) (internal quotation marks omitted); *see Burfoot*, 899 F.3d at 334, but will "allow the government all reasonable inferences that could be drawn in its favor," *United States v. Harvey*, 532 F.3d 326, 333 (4th Cir. 2008). We also must "remain mindful that a conviction may rely entirely on circumstantial evidence." *United States v. Hassan*, 742 F.3d 104, 139 (4th Cir. 2014) (internal quotation marks omitted). "A defendant who brings a sufficiency challenge bears

4

a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018) (internal quotation marks omitted).

Counts 17 and 18 required proof that Brown (1) "knowingly or intentionally distributed the controlled substance alleged in the indictment, and (2) at the time of such distribution . . . knew that the substance distributed was a controlled substance under the law." *United States v. Howard*, 773 F.3d 519, 526 (4th Cir. 2014) (internal quotation marks omitted). Counts 19 and 20 required proof that Brown "(1) possessed [the] controlled substance [alleged in the indictment]; (2) knew of the possession; and (3) intended to distribute the controlled substance." *United States v. Ath*, 951 F.3d 179, 188 (4th Cir.), *cert. denied*, 140 S. Ct. 2790 (2020). Our review of the trial transcript—particularly the testimony of Detective Gillespie and Investigator Wosk regarding the events of August 27 and 28, 2015—provides ample evidence to support these convictions.

Brown's arguments to the contrary are unpersuasive. Brown argues that he lacked the requisite knowledge regarding the controlled substances he distributed, as he offered to sell Gillespie Xanax, not clonazepam. "[W]hile the statute requires specific intent to distribute *a controlled substance* or to possess with intent to distribute *a controlled substance*, it does not require that the defendant have, within that intent, specific knowledge of the controlled substance or any of the [chemical components] that constitute the controlled substance." *United States v. Ali*, 735 F.3d 176, 186 (4th Cir. 2013); *see United States v. Brower*, 336 F.3d 274, 277 (4th Cir. 2003). Circumstantial evidence permitted the jury to infer that Brown possessed the requisite mens rea, even if he

5

incorrectly believed that he was distributing or attempting to distribute a different controlled substance. Although Brown also points to Gillespie's misidentification of Brown at trial, the jury was presented with adequate additional evidence establishing Brown's identity as the individual who sold the drugs in question. We therefore readily conclude that substantial evidence supports Brown's convictions under § 841(a).

## II.

Turning to Brown's challenge to the USSG § 2D1.1(b)(1) enhancement, we review the district court's legal determinations de novo and its factual findings for clear error. *See United States v. Dennings*, 922 F.3d 232, 235 (4th Cir. 2019). A factual finding is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Wooden*, 887 F.3d 591, 602 (4th Cir. 2018) (internal quotation marks omitted). "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *United States v. Ferebee*, 957 F.3d 406, 417 (4th Cir. 2020) (internal quotation marks omitted).

In drug offenses, the Guidelines provide for a two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed." USSG § 2D1.1(b)(1). The enhancement "reflects the increased danger of violence when drug traffickers possess weapons" and "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1 cmt. n.11(A). The

6

Government bears "the initial burden of proving possession of a weapon in connection with drug activities by a preponderance of the evidence." *United States v. Bolton*, 858 F.3d 905, 912 (4th Cir. 2017) (internal quotation marks omitted). "The enhancement is proper when the weapon was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction." *United States v. Slade*, 631 F.3d 185, 189 (4th Cir. 2011) (internal quotation marks omitted). Establishing the requisite nexus requires the Government to "prove only that the weapon was present, which it may do by establishing a temporal and spatial relation linking the weapon, the drug trafficking activity, and the defendant." *United States v. Mondragon*, 860 F.3d 227, 231 (4th Cir. 2017) (internal quotation marks omitted).

"[T]he burden of showing something by a preponderance of the evidence . . . simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." *United States v. Manigan*, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted). "[T]he Government is entitled to rely on circumstantial evidence to carry its burden" with respect to the enhancement. *Id.* at 629.

We conclude that the district court did not clearly err in finding that Brown possessed a weapon during his interaction with Gillespie. Rather, considered in light of the totality of the evidence before the court, Gillespie's testimony supports an inference that Brown threatened to shoot Gillespie during their drug transaction and possessed the immediate ability to do so. Viewed through the lens of Gillespie's extensive experience, and coupled with evidence of Brown's willingness to use firearms to intimidate and enforce compliance during drug sales within the time period of the transaction, Gillespie's

7

observations provide sufficient support for the court's factual finding. *See Mondragon*, 860 F.3d at 232. We are unpersuaded by Brown's attempt to analogize to *United States v. McAllister*, 272 F.3d 228 (4th Cir. 2001), as we find that case readily distinguishable on its facts. Thus, we find no error in Brown's Guideline calculation.

## III.

Finally, Jennings argues that the district court imposed a procedurally and substantively unreasonable sentence by running the sentence imposed for Counts 24 and 25 consecutive to the sentence he previously received in the Western District of Virginia on related counts. Jennings contends that the district court insufficiently explained its decision to impose a partially consecutive sentence and that the resulting sentence was greater than necessary to satisfy the 18 U.S.C. § 3553(a) factors. As previously noted, we directed the parties to address, among other issues, whether Jennings' sentence violates our intervening decision in *Rogers*.[1]

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We first review the sentence for "significant procedural error," such as incorrectly calculating the Guidelines range, insufficiently considering the 18 U.S.C. § 3553(a) factors, or inadequately explaining the sentence imposed. *See id.* at 51. If we find no such procedural error, we

---

[1] Because Brown has not challenged either the validity of his supervised release conditions or the substantive reasonableness of his sentence—and, thus, his arguments implicate neither *Rogers* nor *Provance*—we decline to review Brown's sentence for *Rogers* error. *See United States v. Bartko*, 728 F.3d 327, 335 (4th Cir. 2013) (deeming issue not raised in opening brief waived).

8

review the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 141 S. Ct. 687 (2020). We reiterated in *Provance* that procedural reasonableness review is a threshold consideration, and we may proceed to substantive reasonableness review "if, and only if, we find the sentence procedurally reasonable." *Provance*, 944 F.3d at 218 (alteration and internal quotation marks omitted).

In *Rogers*, we held that "all non-mandatory conditions of supervised release must be announced at a defendant's sentencing hearing," either directly or through express incorporation by reference. 961 F.3d at 296, 299. As the parties observe in their supplemental briefs, the district court did not comply with *Rogers*,[2] as the district court neither announced nor incorporated by reference the "standard" but discretionary supervised release conditions listed in Jennings' written judgment. And, as the parties now agree, this procedural error requires us to vacate Jennings' sentence in its entirety and remand for a full resentencing. *See United States v. Singletary*, 984 F.3d 341, 346 n.4 (4th Cir. 2021) (explaining that *Rogers* error requires full resentencing "given that custodial and supervised release terms are components of one unified sentence" (alteration and internal quotation marks omitted)).

---

[2] We note that the district court did not have the benefit of *Rogers* when it sentenced Jennings.

9

In light of the Government's concessions, we need not resolve whether *Provance* generally requires us to consider a sentence for *Rogers* error sua sponte before reaching an appellant's substantive reasonableness challenge. Even assuming, without deciding, that we have the discretion to consider the substantive reasonableness of Jennings' custodial sentence notwithstanding the *Rogers* error, we decline to exercise our discretion to do so here. As in *Singletary*, there is no need for us to examine Jennings' remaining claims of procedural or substantive sentencing error because the *Rogers* error "[b]y itself . . . requires that we vacate [Jennings'] sentence and remand for the district court to conduct the sentencing anew." *Id.* at 344.

IV.

Accordingly, we affirm Brown's criminal judgment, vacate Jennings' sentence, and remand Jennings' case to the district court for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*